**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 13 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PATRICK HORSFALL, | No. 16-35433 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-05604-JPD |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
James P. Donohue, Magistrate Judge, Presiding

Submitted November 30, 2017**

Before: THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges.

Patrick Horsfall appeals the district court's decision affirming the

Commissioner of Social Security's denial of his application for disability insurance

benefits under Title II of the Social Security Act. Reviewing de novo, we may set

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

aside a denial of benefits only if it is not supported by substantial evidence, or if the administrative law judge ("ALJ") applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). We affirm.

The ALJ provided specific and legitimate reasons for discounting the medical opinions of Dr. Dan Neims and Dr. Mark Heilbrunn. Concerning evaluations of Horsfall's mental impairments, the ALJ reasonably assigned greater weight to Dr. Kristine Harrison's opinion – that Horsfall was not disabled from mental health symptoms – than to Dr. Neims's opinion, which concluded that Horsfall was disabled by pain and anxiety disorders and depressive symptoms. In discounting Dr. Neims's opinion, the ALJ provided a specific and legitimate reason when the ALJ properly noted that Dr. Neims's diagnosis of a major depressive disorder was contradicted by his own observations and other evidence in the record. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2008) (holding that an inconsistency between a doctor's opinion and the doctor's clinical findings is a specific and legitimate reason for rejecting the opinion).

Concerning evaluations of Horsfall's physical limitations, the ALJ provided a number of specific and legitimate reasons for giving only some weight to Dr. Heilbrunn's opinion, which concluded that Horsfall had postural and motion limitations. First, the ALJ properly noted that contemporaneous medical evidence

did not support the limitations opined by Dr. Heilbrunn, where the ALJ noted that x-rays taken at the same time as the physical examination showed nothing abnormal about Horsfall's lumbar spine. *Tommasetti v. Astrue,* 533 F.3d 1035, 1041 (9th Cir. 2008) (holding that a specific and legitimate reason for rejecting a physician's opinion includes inconsistency with medical records). Second, the ALJ reasonably inferred that Dr. Heilbrunn relied on Horsfall's subjective reports of symptoms and limitations, which were not entirely credible. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). Third, the ALJ reasonably concluded that Dr. Heilbrunn's opinion conflicted with Horsfall's activities, which included working as a groundskeeper, driving a car, and daily activities of bathing and dressing himself. *Rollins v. Massanari,* 261 F.3d 853, 856 (9th Cir. 2001). Finally, the ALJ properly concluded that Dr. Packer's opinion – that Horsfall's back problems were not disabling – was generally consistent with the medical evidence, and deserving of greater weight than Dr. Heilbrunn's opinion. *Tommasetti*, 533 F.3d at 1040-41.

The ALJ provided specific, clear and convincing reasons for finding that Horsfall's statement concerning the intensity, persistence, and limiting effects of his symptoms were not entirely credible. First, the ALJ reasonably found that Horsfall's daily activities were inconsistent with the limitations he described. *Chaudhry v. Astrue,* 688 F.3d 661, 672 (9th Cir. 2012) (holding that when

16-35433

weighing credibility, an ALJ may consider a claimant's daily activities). Second, the ALJ properly found that Horsfalls's allegations of limitations were not supported by the medical evidence. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Finally, we do not consider Horsfall's contention that the ALJ erred in using his alleged inconsistent statements in its credibility analysis where Horsfall did not raise any inconsistencies before the district court. *Gregor v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006).

The ALJ properly considered the lay witness testimony. First, the ALJ provided a germane reason for rejecting the testimony and report of Horsfall's wife when he reasonably concluded that the testimony and report of Horsfall's wife was inconsistent with the objective medical evidence. *Bayliss v. Barnhart,* 427 F.3d 1211, 1218 (9th Cir. 2005). Second, contrary to Horsfall's contention, the ALJ did not discount the function report submitted by Horsfalls's mother. Third, concerning the function report of Horsfall's pastor, the ALJ did not accurately summarize the report when he omitted the pastor's observations that for a number of years Horsfall had a "painful battle with back and spinal degeneration," resulting in Horsfall having trouble rising, and having difficulty walking forward. Nevertheless, the ALJ properly discounted the pastor's observations as inconsistent with other evidence. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009).

We reject Horsfall's contention that the ALJ erred in assessing his residual functional capacity. *Bayliss*, 427 F.3d at 1217 (holding that the ALJ need only include limitations for which there was record support when reaching a residual functional capacity assessment).

**AFFIRMED**.